UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:12cr00018-2 |
| | ) | Judge Aleta A. Trauger |
| [2] CONNIE RENA STANTON, | ) | |
| | ) | |

**ORDER OF FORFEITURE CONSISTING OF $692,226.34 UNITED STATES CURRENCY  MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Connie Rena Stanton's guilty plea to Counts 1, 8, 10, 27 and 28 of the Indictment, for which the Government sought forfeiture, Defendant Connie Rena Stanton shall forfeit to the United States her interest in $692,226.34 United States currency pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c) and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $692,226.34 United States currency is proceeds from the offenses of which defendant was convicted and defendant shall be jointly and severally liable with co-defendants who may be sentenced to forfeiture for said amount.

2. The Court has determined, based on relevant and reliable evidence, including evidence already in the record, the written plea petition, and the evidence presented at the plea hearing, and any additional evidence or information submitted by the parties, and the facts set forth at the plea colloquy on August 31, 2012 that the Subject Property is subject to forfeiture pursuant

to 18 U.S.C. § 982 and 28 U.S.C. § 2461, and that the Government has established the requisite nexus between the $692,226.34 United States currency and the offense of conviction.

3. Upon the entry of this Order, the Secretary of Treasury (or his designee)/Department of Homeland Security (or its designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853, defendant shall forfeit to the United States the sum of $692,226.34 United States currency and, by virtue of this Order, a personal money judgment in that amount is hereby entered against the defendant, and she shall be jointly and severally liable for said amount with co-defendants who may be sentenced to forfeiture. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $692,226.34 United States currency shall become final as to defendant at the time of sentencing, or before sentencing if defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or defendant have, as of this date, identified specific assets that were derived from the $692,226.34 in proceeds attributable to the offenses for which defendant has been convicted. Nor has the United States or defendant yet identified any property of the defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or

deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a Money Judgment of $692,226.34 United States currency to substitute property having a value not to exceed $692,226.34 United States currency to satisfy the money judgment in whole or in part.

6. This money judgment against Defendant Connie Rena Stanton shall be recorded in the records of the County Clerk's Office in the county of defendant's residence and any and all other counties in which defendant has either real or personal property as a lien thereon in the amount of $692,226.34 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. Upon the payment of the money judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

8. This Order is in continuing and full effect until payment of the $692,226.34 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 19th day of December, 2012.

_____
JUDGE TRAUGER
UNITED STATES DISTRICT JUDGE